McGREGOR W. SCOTT
United States Attorney
MARK E. CULLERS
SHERRILL A. CARVALHO
Assistant U.S. Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VETERINARY PHARMACEUTICALS, INC.,<br><br>　　　　Defendant. | NO. 1:06-CR-00184 LJO<br><br>MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(c) OF THE FEDERAL RULES OF <u>CRIMINAL PROCEDURE</u><br><br>Date: April 11, 2008<br>Time: 8:30 a.m.<br>Courtroom: Four<br>Hon. Lawrence J. O'Neill |

　　　Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGREGOR W. SCOTT, the United States Attorney for the Eastern District of California, MARK E. CULLERS and SHERRILL A. CARVALHO, Assistant United States Attorneys, and the defendant, VETERINARY PHARMACEUTICALS, INC., and its attorney, MICHAEL A. DIAS, have agreed as follows:

　　　1.　<u>Charges</u>.

　　　　　(a)　The defendant acknowledges that it has been charged

1

by Indictment, NO. 1:06-CR-0184 AWI in the Eastern District of California, with Conspiracy to Smuggle Goods into the United States, to Introduce into Interstate Commerce Misbranded Drugs, to Receive in Interstate Commerce Misbranded Drugs and Deliver the Same for Pay or Otherwise, in violation of Title 18, United States Code, Sections 371, 545 and 1341, and Title 21, United States Code, Sections 331(a), 331(c), 331(i)(3) and 333(a)(2).

(b) The defendant acknowledges that it has also been charged in a one count Superseding Information with a violation of Title 21, United States Code, Sections 331(c) and 333(a)(1) - Receipt in Interstate Commerce of Misbranded Drugs and the Delivery Thereof for Pay.

2.  <u>Nature, Elements and Possible Defenses</u>.

(a) The defendant's duly authorized representative has read the charges contained in the Superseding Information, and those charges have been fully explained to the defendant by its attorney.

(b) The defendant, through its duly authorized representative, agrees to plead guilty to one misdemeanor count of Receipt in Interstate Commerce of Misbranded Drugs and the Delivery Thereof for Pay, in violation of Title 21, United States Code, Sections 331(c) and 333(a)(1). .

(c) The defendant fully understands the nature and elements of the crimes with which it has been charged, together with the possible defenses thereto, and has discussed them with its attorney.

The elements of the crime of Receipt in Interstate Commerce of Misbranded Drugs and the Delivery Thereof for Pay are:

  (1) First, between on or about January 1, 1998, and continuing through on or about May 2, 2006, the defendant received drugs in interstate commerce ;

  (2) Second, that the drugs at issue were misbranded because their labeling was false and misleading in that the language was changed from Spanish to English; and

  (3) the defendant caused the delivery, and proffered the delivery, of the misbranded drugs for pay and otherwise.

3. <u>Agreements by the Defendant</u>.

 (a) The defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

 (b) The defendant agrees to enter a plea of guilty to the Superseding Information charging it with Receipt in Interstate Commerce of Misbranded Drugs and the Delivery Thereof for Pay, in violation of Title 21, United States Code, Sections 331(c) and 333(a)(1).

 (c) Defendant understands and agrees that it will not be allowed to withdraw its plea should the Court fail to follow the government's sentencing recommendations.

 (d) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal its conviction and sentence, including, but not limited to an express waiver of appeal of this plea (including any venue and statute of limitations issues) and to attack collaterally its mental competence, and its plea, or its sentence,

3

including but not limited to, filing a motion under 28 U.S.C. §2255, 28 U.S.C. 2241, or 18 U.S.C. §3742, or otherwise. If the defendant's conviction on the count to which it is pleading guilty is ever vacated at the defendant's request, or its sentence is ever reduced at its request, the government shall have the following rights : (1) to prosecute the defendant on any count to which it pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses it might have to the government's decision, including Double Jeopardy.  In particular, it agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

      (e)   The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees and any other litigation expenses in connection with the investigation or prosecution of this action and any allegations in any way related thereto (including without limitation, any charges to be dismissed under this plea agreement and any charges previously dismissed).

      (f)   If it is determined that the defendant has violated any provision of this Agreement, or if the defendant successfully moves to withdraw its plea: (1) all statements made by the

defendant's duly authorized representative to the government, the Court, or other designated law enforcement agents, or any testimony given by the defendant's duly authorized representative before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible as evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed.

(g) The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. § 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 125 S. Ct. 738 (2005), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline range (either above or below the guideline range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and

consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). The defendant agrees and stipulates that the guideline sentence is a reasonable sentence in this case.

(h) The defendant hereby acknowledges and agrees that any offense level determination, specific offense characteristic and criminal history category as determined pursuant to the Guidelines could change based upon investigation by the United States Probation Office. It is possible that factors unknown or unforseen by the defendant or the government may be considered in determining the offense level, specific offense characteristics and Guideline range. The defendant also acknowledges that the United States Probation Office may also interpret facts or legal matters differently than the defendant or the government resulting in differences in the offense level, specific offense characteristics and Guideline range. Neither the use of unknown or unforseen factors, nor the interpretation of known facts or law in an different manner than anticipated, will provide the defendant with the right to withdraw its guilty plea.

(i) The defendant further acknowledges that its plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(j) The defendant agrees to pay a special assessment of $100.00 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.

(k)   The defendant agrees to pay a fine of $1,000.00 at the time of sentencing.

(l) The defendant acknowledges and understands that the government makes no other representations to it regarding the fines, whether any other specific offense characteristics apply to its conduct, its criminal history or criminal history points under Chapter Four, or whether additional enhancements or reductions under Chapters Three or Five of the of the United States Sentencing Guidelines apply and defendant understands that the government is free to comment and to make recommendations to the court and the Probation Office regarding those matters.

(m)   Defendant VETERINARY PHARMACEUTICALS, INC., also agrees to cease and desist, whether directly or acting indirectly through any agent, employees, business, corporation, investment, subsidiary, division, or other entity, any of the following:

> 1. delivering for introduction into interstate commerce, or causing the delivery for introduction into interstate commerce of any drugs, medical devices, new animal drugs, or animal feeds (as those terms are defined at 21 U.S.C. §§ 321(g), (h), (v), and (w), respectively), as well as biological products, as defined at 42 U.S.C. §262(i), which are misbranded and/or adulterated in any manner;
> 2. preparing, selling, bartering, trading, or offering for preparation, sale, barter or trade, any drugs, medical devices, new animal drugs, or animal feeds (as those terms are defined at 21

U.S.C. §§ 321(g), (h), (v), and (w), respectively), as well as biological products, as defined at 42 U.S.C. §262(i), which are misbranded and/or adulterated in any manner;

3. delivering for introduction into interstate commerce, or causing the delivery for introduction into interstate commerce any new drug, as that term is defined at 21 U.S.C. §§ 321(p), which would violate 21 U.S.C. § 331(d);

4. preparing, selling, bartering, trading, or offering for preparation, sale, barter or trade, any new drug, as that term is defined at 21 U.S.C. §§ 321(p), which would violate 21 U.S.C. § 331(d);

5. preparing, selling, bartering, trading, or offering for preparation, sale, barter or trade, any virus, serum, toxin, or analogous product intended for use in the treatment of domestic animals that are not in complete compliance with 21 U.S.C. §§ 151, 152, 154, 154a, and 155;

6. relabeling any article listed in (a)-(e) so as to replace, cover, or disguise the original manufacturers' labels or labeling, or removing, replacing, covering or disguising any required labeling information, including but not limited to Lot number and expiration dates; and

7. importing, offering to import, causing the importation or receiving after importation into the United States, for any reason, any article listed

in (a)-(e), or relabeled as described in (f), above.

4. <u>Agreements by the Government</u>.

(a) This agreement does not prevent the government from providing any and all information concerning the offenses to which the defendant is pleading guilty and all other relevant conduct to the United States Probation Office and/or the Court.

(b) The government agrees that no further criminal charges, civil actions or administrative proceedings will be brought by the United States Attorney's Office for the Eastern District of California or the United States Food and Drug Administration Office of Criminal Investigation against the defendant and its present or former officers and employees, based in whole or in part on the investigation by the United States Food and Drug Administration Office of Criminal Investigation giving rise to this plea agreement and the facts set out in the factual basis below. This agreement shall not exclude the institution of criminal prosecutions as a result of independent investigations begun subsequent to the date of the filing of this plea agreement.

5. <u>Factual Basis</u>.

(a) The defendant will plead guilty because it is in fact guilty of the crimes set forth in the Superseding Information. The defendant also agrees that the following are the facts of the case, although it acknowledges that, as to other facts, the parties may disagree:

> Beginning at a time unknown but no later than on or about January 1, 1998, and continuing through on or about May 2, 2006, in the Eastern District of California and elsewhere, defendant Veterinary Pharmaceuticals, Inc. (VPI), through its agents Harold Desjardins and James Mann, brought into the

United States merchandise, and received and sold such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law.

Specifically:

a.   The defendant, through its agents, received misbranded animal drugs which had been brought into the United States from Mexico. The drugs were misbranded in that their labels were misleading to the ultimate purchasers of the drugs because the labels were changed from Spanish to English. These animal drugs were brought into the United States at the Mexicali, Mexico-Calexico, CA., port of entry and were transported to VPI in Hanford, CA.

b.   The animal drugs involved were primarily injectable antibiotics. The drugs were used primarily upon beef and dairy cattle. The drugs came in 100 and 250 milliliter vials and are mostly liquid in origin. Others came in powder form and had to be reconstituted with sterile diluents such as saline. The drugs required a written or oral order issued by a licensed veterinarian before they could be sold to a customer. The specific drug to which the defendant is pleading guilty is Micotil, manufactured by Elanco.

c.   The defendant, through VPI salesmen, would then sell these misbranded drugs to their unsuspecting customers throughout the United States and represent that they were FDA approved drugs. The animal drugs were normally shipped to their customers, via UPS, throughout the western United States, including California, Washington, Oregon, Texas, and New Mexico.

d.   Beef and dairy products produced from the animals that were being treated with these misbranded drugs ultimately made their way into the human food chain.

e.   The Mexican firm that was providing VPI with these misbranded animal drugs was identified as Groupo Protasa, also known as Vet Del Noroeste, located in Mexicali, Mexico.

6.   <u>Potential Sentence</u>.

The following is the maximum potential sentence which the defendant faces:

    (a)   Probation.

        Maximum: One (1) year.

///

///

(b) Fine.

    Maximum: One Hundred Thousand Dollars ($100,000.00).

(c) Both such fine and probation.

(d) Penalty Assessment.

    Mandatory: One Hundred Dollars ($100).

7. <u>Waiver of Rights</u>.

The defendant understands that by pleading guilty it surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against it, it would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) At trial, it would have the right to be assisted by an attorney, who would be appointed if necessary.

(c) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. The defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed

innocent and that it could not convict it unless, after hearing all the evidence, it was persuaded of its guilt beyond a reasonable doubt.

(d) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(e) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on its own behalf. If the witnesses for the defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

(f) At a trial, the defendant would have a privilege against self-incrimination so that its duly authorized representative could decline to testify, and no inference of guilt could be drawn from his refusal to testify. The defendant understands that by pleading guilty it is waiving all of the rights set forth above and the defendant's attorney has explained those rights to its duly authorized representative and the consequences of a waiver of those rights on behalf of the corporate defendant.

8. <u>Questions by Court</u>.

The defendant understands that if the court questions its duly authorized representative under oath, on the record and in the presence of counsel, about the offenses to which it has

pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury or false statement.

9. Entire Agreement.

The defendant and its attorney acknowledge that no threats, promises or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce defendant to plead guilty.

10. Court not a Party.

It is understood by the parties that the sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6 above.

11. Presentence Report.

The defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of the defendant's activities and its background and prepare a presentence report which it will submit to the court as its own sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the court, of the full and true nature, scope and extent of the defendant's criminal activities concerning the charges to which the defendant is entering a plea of guilty, including activities which may not have been charged in the Indictment or were the subject of dismissed counts.

///
///
///
///

```
 1   DATED: April 9, 2008              McGREGOR W. SCOTT
                                       United States Attorney
 2
 3                                     By /s/ Mark E. Cullers
                                          MARK E. CULLERS
 4                                        Assistant U.S. Attorney

 5
     DATED: April 11, 2008             /s/ Alice Desjardins
 6
 7                                     Authorized Representative
                                       of VPI, Inc.
 8
     DATED: April 11, 2008             /s/ Michael A. Dias
 9                                     ----------------------------
                                       MICHAEL A. DIAS
10                                     Attorney for Defendant
11
12
...
28
```